UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| VERNON ALVIN WILSON, JR., | ) |
| Plaintiff, | ) Civil Action No. 5:12-238-KSF |
| v. | ) |
| FAYETTE COUNTY DETENTION CENTER, *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Vernon Alvin Wilson, Jr., is an individual formerly confined at the Fayette County Detention Center in Lexington, Kentucky.[1] While an inmate there, Wilson, proceeding without an attorney, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Fayette County Detention Center and Correctional Officer Joshua Roberts, concerning his being assaulted by another inmate at the jail. [R. 1] Wilson seeks $70,000 in punitive damages. By prior order, the Court granted Wilson's motion to pay the filing fee in installments, dismissed the Fayette County Detention Center as a named defendant, and directed that summonses be issued to the Lexington-Fayette Urban County Government ("LFUCG") and to Joshua Roberts. [R. 5]

This matter is before the court on motion of defendant LFUCG to dismiss plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) [R. 8] and on Wilson's motion for a "dispositional hearing" on his claims against the LFUCG. [R. 11] These motions have been fully briefed and are ripe for review. [R. 8-1, 10, and 11]

---

[1] Wilson has since notified the court that his new address is the Roederer Correctional Complex in LaGrange, Kentucky. [R. 16]

**FACTUAL BACKGROUND**

Wilson alleges that on April 6, 2012, he was in an altercation with Pedro McKee, another inmate housed at the detention center. According to Wilson, he and McKee were supposed to be kept separated; however, Wilson says that McKee "hid around the guard tower" after his dorm unit's recreation was over and, after Wilson's dorm unit had been let out for recreation, McKee "came from around the tower, stating he wanted to fight ..." [R. 1, pp. 2, 4] Wilson states that Correctional Officer Joshua Roberts was aware of this situation and told McKee to go back to his assigned dorm, but that Roberts did not come down from the guard tower to subdue McKee or otherwise prevent McKee from assaulting him. [R. 1, p. 4] Wilson asserts that although he tried to avoid a confrontation with McKee, McKee hit him in the face and that in self-defense, he fought with McKee. [R. 1, p. 4] Corrections officers arrived while the fight was still in progress, separated Wilson and McKee, and stopped the fight. [R. 1, p. 5] Wilson claims that he received a bruise around his left eye. *Id.*

Although Wilson filed his complaint on a form typically used by prisoners to file a complaint under 42 U.S.C. § 1983, he asserts no specific constitutional violation and appears to categorize his claim as arising under state law. [R. 1, p. 7] A fair reading of his complaint suggests that his complaint is a state law negligence claim, purely a matter of Kentucky law, rather than a claim that the defendants violated his rights under the federal Constitution. However, out of an abundance of caution to Wilson's rights, the Court has analyzed his claim against the defendant LFUCG as both a state law negligence claim and as a claim arising under 42 U.S.C. § 1983. Regardless of whether Wilson's claim is classified as a state law negligence claim or a federal constitutional claim, Wilson has no viable claim against the county, and the LFUCG will be dismissed from this action.

**A.     State law negligence claim**

Construing Wilson's claim as a state law negligence claim, he alleges that he suffered personal injury and requests damages for "negligence of $70,000 dollars in punitive damages E.T.C…emotional distress." [R. 1, p. 11]  However, the complaint contains no allegation that defendant LFUCG was negligent regarding his fight with McKee and fails to describe how the LFUCG was negligent with regard to this incident.  In short, the complaint does not plead sufficient factual matter, accepted as true, to state a negligence claim against the LFUCG that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Thus, dismissal is proper for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Even if Wilson had sufficiently pled a state law negligence claim, it would be barred by the doctrine of sovereign immunity. The LFUCG has sovereign immunity on all state law damage claims against it.  Sovereign immunity is an inherent attribute of the state that precludes maintaining any suit against it unless the state has waived its immunity.  *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001).  A county shares the immunity of the Commonwealth of Kentucky.  *Franklin County, Kentucky v. Malone*, 957 S.W.2d 195, 202-03 (Ky. 1997), *overruled on other grounds*, *Commonwealth v. Harris*, 59 S.W.3d 896 (Ky. 2001).  The LFUCG, as a county government, shares the immunity of the state.  *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 131-32 (Ky. 2004); *Fields v. Lexington-Fayette Urban County Government*, 91 S.W.3d 110, 111 (Ky. App. 2001).  Thus, any state law negligence claim against LFUCG would be barred by the doctrine of sovereign immunity.  *Webb v. Jessamine County Fiscal Court*, 802 F. Supp. 2d 870, 886-87 (E.D. Ky. 2011) (sovereign immunity with respect to care and keeping of inmates has not been waived).

**B.     Claim under 42 U.S.C. § 1983**

On its face, Wilson's complaint does not allege that LFUCG's conduct violated his rights under the federal Constitution.  On the Court's form civil rights complaint, when responding to the question "[w]hat rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated?", Wilson stated: "I really don't know it, but I will say that it's state law…" [R. 1, p. 7]  The only basis for concluding that he *might* be bringing a § 1983 claim is his use of the "form" complaint prisoners routinely use to file an action under 42 U.S.C. § 1983.  Generally, *pro se* pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even so, the principles requiring generous construction of *pro se* pleadings are not without limits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  District courts are not required to conjure up causes of action not squarely presented or to construct full-blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278; *Montgomery-Seth v. Bureau of Prisons*, 07-cv-49-JBC, 2007 WL 710162 (E.D. Ky. March 7, 2007).  This would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278; *Embrey v. Cauley*, 09-cv-010-HRW, 2009 WL 365665 (E.D. Ky. Feb. 11, 2009). It would place an unfair burden on the defendant, requiring him to speculate as to all potential claims that might be brought.  *Wells*, 891 F.2d at 594; *Wilson v. Lexington Fayette Urban County Government*, *supra*.

In the present action, the plaintiff simply has not alleged a violation of his federally-protected rights for the purpose of a § 1983 claim for damages. To read such allegation into his complaint would be to conjure up a cause of action not squarely presented by him. Even if this Court were to construe the complaint to allege violations of federally-protected civil rights, it still contains no allegations that could reasonably be construed to state a § 1983 claim against LFUCG, and it does not provide proper notice of any § 1983 claim against LFUCG. In order to prevail on a claim against LFUCG under § 1983, Wilson must plead and prove that a violation of his civil rights occurred pursuant to and as a direct result of official policy or custom of LFUCG. *Monell v. Department of Social Services, City of New York*, 436 U.S. 658, 690-95 (1978); *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). LFUCG, as a governmental entity, cannot be held liable under a theory of *respondeat superior*.[2] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816-18 (1985). Wilson's complaint contains no hint that a violation of his rights occurred pursuant to and as a direct result of an official policy, custom, or practice of LFUCG. For that matter, the complaint does not identify or even suggest the existence of an unconstitutional policy, custom, or practice of LFUCG. Such deficiency is fatal to any § 1983 claim. *Lovelace v. City of Memphis Police Dept.*, No. 08-2776, 2010 WL 711190 (W.D. Tenn. Feb. 24, 2010) ("The Court is under no duty to conjure a policy or custom that would support Plaintiff's suit … Rather, Plaintiff bears the burden of explaining with minimal, but sufficient, facts exactly what policy or custom caused his injury…"); *Moniz v. Hines*, 92 F. App'x 208, 211 (6th Cir. 2004); *Watson v. Baxter*, 35 F. App'x 118, 120 (6th Cir. 2002); *Webb*

---

[2] In his response to LFUCG's motion to dismiss, Wilson requests that LFUCG be accountable for the employees that they employ. [R. 10] Thus, he has clarified that he is proceeding under a theory of *respondeat superior*. As a matter of law, he cannot proceed against LFUCG on that premise.

*v. Jessamine County Fiscal Court*, 802 F. Supp. 2d 870, 885-86 (E.D. Ky. 2011); *Manthey v. Marquett County Jail*, 2:03-cv-59, 2005 WL 2077477 (W.D. Mich. Aug. 26, 2005). Because Wilson has not identified an unconstitutional policy, custom, or practice of LFUCG as the cause of any violation of his federal constitutional rights, he fails to state a claim against LFUCG based on § 1983.[3]

In conclusion, Wilson has failed to state a claim against LFUCG under either state law or under 42 U.S.C. § 1983. The Court will therefore also deny Wilson's motion for a "dispositional hearing" as moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Lexington-Fayette Urban County Government's Motion to Dismiss [R. 8] is **GRANTED** and Vernon Alvin Wilson Jr.'s claims against the Lexington-Fayette Urban County Government are **DISMISSED WITH PREJUDICE**.

2. Wilson's Motion for a Dispositional Hearing [R. 11] is **DENIED AS MOOT.**

This February 8, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

---

[3] Even if Wilson had stated a § 1983 claim, he would not be able to recover "$70,000 in punitive damages" from LFUCG as requested in the complaint. Municipal and county governments are immune from liability for punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Barnier v. Szentmiklosi*, 810 F.2d 594, 598-99 (6th Cir. 1987). Thus, the relief Wilson seeks would be barred as a matter of law.