UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| VERNON ALVIN WILSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 12-238-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Vernon Alvin Wilson, Jr., filed his civil rights complaint in this action on July 25, 2012. [R. 1] On August 14, 2012, the Court granted Wilson's motion to pay the filing fee in installments, dismissed the Fayette County Detention Center as a named defendant, and directed that summonses be issued to the Lexington-Fayette Urban County Government ("LFUCG") and to Officer Joshua Roberts. [R. 5]

LFUCG subsequently moved to dismiss Wilson's complaint for failure to state a claim, a motion the Court granted on February 8, 2013. [R. 8, 18] Officer Roberts filed an answer to the complaint, but later advised the Court that further prosecution of the claim against him was barred by the automatic stay provision of the federal bankruptcy code, 11 U.S.C. § 362(c). [R. 15, 17] Noting that Officer Roberts had identified Wilson's claim against him in this proceeding as an unsecured nonpriority unliquidated claim in Schedule F of his bankruptcy petition, *In re: Joshua Roberts*, No. 12-53173-GRS (Bankr. E.D. Ky. 2012) [R. 1 therein, p. 19], the Court granted Roberts's motion, stayed this action, and ordered Roberts to advise the Court when and if Roberts received a discharge in bankruptcy. [R. 19]

Officer Roberts has now filed a "Motion to Lift Stay Due to Discharge in Bankruptcy." [R. 20] Roberts indicates that he received a Chapter 7 discharge on May 15, 2013. [R. 20-1] The Court may take judicial notice of records and information located on government websites because they are self-authenticating under Fed. R. Evid. 902. *Cf. Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008). A review of the docket in Robert's bankruptcy proceeding indicates that the Chapter 7 trustee reported that there were no assets available for distribution, and reveals that no adversary proceedings were initiated to except any debt from discharge. *In re: Joshua Roberts*, No. 12-53173-GRS (Bankr. E.D. Ky. 2012) [R. 12, 17 therein].

Once a Chapter 7 receives a discharge under § 727, the automatic stay is terminated. 11 U.S.C. § 362(c)(2)(C); *In re: Eastlick*, 349 B.R. 216, 227 (Bankr. D. Idaho 2004). However, the debtor's discharge effectively replaces the automatic stay with a permanent injunction barring efforts to collect discharged debts. 11 U.S.C. § 524(a)(2); *In re: Morris*, 430 B.R. 824, 829 (Bankr. W.D. Tenn. 2010). Because the record establishes that Wilson's claim against Officer Roberts was identified as a claim against the bankruptcy estate which was neither excepted nor determined to be nondischargeable, that claim was discharged in the bankruptcy and Wilson is enjoined from any further pursuit of it here. *Cf. in re: Caravona*, 347 B.R. 259, 267 (Bankr. N.D. Ohio 2006).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Roberts's "Motion to Lift Stay Due to Discharge in Bankruptcy" [R. 20] is **GRANTED**.

2. Wilson's claims against Officer Joshua Roberts are **DISMISSED WITH PREJUDICE**.

3. This matter is **CLOSED**, and this matter is **STRICKEN** from the active docket.

4. The Court will enter judgment contemporaneously with this Order.

This the 11th day of October, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge